IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THOMAS EDWARD TAYLOR**                                             **PLAINTIFF**

**v.**                                             **CIVIL NO. 1:22-cv-00027-HSO-BWR**

**INTERNAL REVENUE SERVICE, et al.**                        **DEFENDANTS**

## ORDER OF DISMISSAL

BEFORE THE COURT are pro se Plaintiff Thomas Edward Taylor's Complaint [1] and Responses [9] [12]. He brings this civil action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants Internal Revenue Service ("IRS") and IRS employee Linda I. Aponte ("Aponte") have withheld or misdirected his stimulus payments totaling $1,800.00 in violation of his Fifth Amendment right to due process. Compl. [1] at 3-5. Taylor is a prisoner currently incarcerated with the Mississippi Department of Corrections ("MDOC"), and he is housed at the South Mississippi Correctional Institute in Leakesville, Mississippi. *See* Envelope [12-1]. He is proceeding *in forma pauperis*. Order [7].

For the following reasons, the Court finds that Taylor's claims against the IRS should be dismissed without prejudice for failure to exhaust administrative remedies, and his claims against Aponte should be dismissed with prejudice for failure to state a claim.

I. BACKGROUND

During the COVID-19 pandemic, Taylor became aware that certain eligible taxpayers could receive three "stimulus checks" in the amounts of $600.00, $1,200.00, and $1,400.00, respectively. Compl. [1] at 4; Compl. [1-1] at 1. Taylor alleges that he filed "a 1040 form" requesting each check, but the IRS sought more information to verify his identity. Compl. [1-1] at 1. Once Taylor responded with various identifying information, he received a check for $1,400.00. *Id*. He never received checks for $600.00 and $1,200.00. *Id*.

Taylor believes that Defendants have violated his due process rights in two alternative ways. First, he asserts that Defendants have not timely and properly answered his questions. Compl. [1-1] at 2; Resp. [9] at 2. Despite this allegation, Taylor received at least four letters from the IRS—dated October 27, 2021; December 29, 2021; March 11, 2022; and March 21, 2022—advising him that it needed more time to review his account, research the problem, and provide a complete response. Resp. [9-1], [9-2], [9-3], [9-4]. Two of those letters were signed by Aponte, and the other two were signed by another IRS employee named Linda Stacy. *Id*.

In the alternative, Taylor claims that Defendants have communicated with him about the case but have confused him with other taxpayers. Taylor maintains that his missing stimulus checks were "sent to the wrong people." Compl. [1-1] at 1; *see also* Resp. [12] at 3. Aponte's letters advised Taylor how to make payments "if [he] [has] a balance," Resp. [9-3] [9-4], which Taylor interpreted as her telling him

2

that he "owe[s] the IRS," Resp. [9] at 2.  He blames Aponte for "intentionally accusing [him] to get [him] to shut up" about the unpaid stimulus money.  Resp. [9] at 2.  This theory fuels Taylor's belief that his stimulus checks were withheld pursuant to an unspecified "cover up."  Compl. [1] at 5; Resp. [9] at 2.

To assess Taylor's claims, the Court ordered him to answer a series of questions.  Order [11].  Among them, the Court asked whether Taylor had filed an administrative-refund claim under § 7422(a) of the Internal Revenue Code before filing this lawsuit.  Order [11] at 3 (citing 26 U.S.C. § 7422(a)).  If so, Taylor was asked to "provide documentation" regarding any such claim.  *Id.*  In response, Taylor advised that he "filled a form out" for all three checks but only received the $1,400.00 payment.  Resp. [12] at 4.  Later, Taylor reiterated that he "filed from prison the (2) 1040 forms to receive his money," Motion [13] at 3, but he has not provided the requested documentation to establish that he filed an administrative-refund claim.

Taylor requests injunctive relief and monetary damages, and he demands "a hearing" to prove that he has not received the $1,800.00.  Resp. [12] at 3.  He also asks the Court to order the IRS "to forward [him]" the missing stimulus checks.  Compl. [1] at 5.  Taylor initially sought $600.00 in compensatory damages from each Defendant for causing him "mental stress," *id.*, but later filed a Motion [13] to Enlarge Amount of Civil Suit, raising his demand to $3,600.00 from the IRS and $1,000.00 from Aponte individually, Motion [13] at 5.

3

II. DISCUSSION

A.  The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his 'best case,'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the action sua sponte. Because the Court has permitted Taylor to proceed *in forma pauperis*,

4

Order [7], this case is subject to the provisions allowing for sua sponte dismissal under § 1915(e)(2)(B).

B.  Stimulus check requests

"The federal government enacted three major laws in response to the COVID-19 pandemic. Each of these stimulus laws authorized direct payments to almost every American adult with an income below $75,000." *Hayes v. Graves*, No. 4:21-cv-cv-00347-LPR, 2022 WL 822881, at *2 (E.D. Ark. Mar. 16, 2022). The first—the Coronavirus Aid, Relief, and Economic Security ("CARES") Act (Pub. L. 116-136, 134 Stat. 281 (2020))—authorized a $1,200.00 stimulus payment to each eligible taxpayer. 26 U.S.C. § 6428(a). The second—the Consolidated Appropriations Act ("CAA") (Pub. L. 116-260, 134 Stat. 1182 (2020))—authorized a payment of $600.00. 26 U.S.C. § 6428A(a). The third—the American Rescue Plan Act ("ARPA") (Pub. L. 117-2, 135 Stat. 4 (2021))—authorized a $1,400.00 stimulus payment. 26 U.S.C. § 6428B(b). According to Taylor, he in fact received his ARPA payment. Compl. [1-1] at 1.

The CARES Act established a tax credit for eligible individuals, authorized to be distributed as an advance refund on 2020 income taxes. 26 U.S.C. § 6428(a), (f). The CARES Act directed the Secretary of the Treasury to issue the credit "as rapidly as possible" and specified that "[n]o refund or credit shall be made or allowed" after December 31, 2020. *Id.* § 6428(f)(3)(A). The CAA authorized a second tax credit, also to be distributed as an advance refund on 2020 taxes. 26 U.S.C. § 6428A(a), (f). Congress again directed the Secretary of the Treasury to

issue the credit "as rapidly as possible" and specified that "no refund or credit shall be made or allowed" after January 15, 2021. *Id.* § 6428A(f)(3)(A)(i)-(ii).[1]

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Under 28 U.S.C. § 1346(a), "the United States consents to be sued in the district court for refund of taxes." *Douglas v. Dep't of Treasury – Internal Revenue Serv.*, No. A-21-CV-617-RP, 2021 WL 3761221, at *2 (W.D. Tex. Aug. 25, 2021). But that consent only operates "where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a)." *Id*. Under that provision:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). That is, "[b]efore filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the tax code by filing an administrative claim with the IRS." *Douglas*, 2021 WL 3761221, at *2 (citing *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008)).

Though Taylor alleges that he filed tax returns, Compl. [1-1] at 1; Motion [13] at 3, he fails to allege that he filed an administrative-refund claim under § 7422(a). When specifically asked by the Court whether he filed an administrative-refund

---

[1] Because Taylor received the final stimulus payment under ARPA in the amount of $1,400.00, Compl. [1-1] at 1, the Court need not discuss the relevant provisions of ARPA.

6

claim, Taylor declined to answer, and he has provided no documentation to that effect. Order [11] at 3; Resp. [12]. The Court thus finds that Taylor "has already pleaded his best case," *see Brewster*, 587 F.3d at 768 (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *see Eason*, 14 F.3d at 9. The record supports a conclusion that Taylor has failed to exhaust his administrative remedies, such that the Court lacks jurisdiction over Taylor's request for a tax refund. *See Douglas*, 2021 WL 3761221, at *2; *Durrette v. Dep't of Treasury – Internal Revenue Serv.*, No. A-21-CV-618-RP, 2021 WL 3761223, at *2 (W.D. Tex. Aug. 25, 2021); *Little v. Internal Revenue Serv.*, No. A-21-CV-446-RP, 2021 WL 2418013, at *2 (W.D. Tex. June 14, 2021).[2]

To the extent Taylor is suing the IRS for a violation of his constitutional rights, his claims are barred by sovereign immunity. *See Meyer*, 510 U.S. at 486 (finding that sovereign immunity bars a direct cause of action for damages against a federal agency). To the extent he is suing Aponte in her individual capacity for a violation of his constitutional rights, any suit related to the recovery of any internal revenue tax "may be maintained only against the United States and not against any

---

[2] Even if the Court were to excuse Taylor's failure to exhaust his administrative remedies, it questions whether he would be entitled to the relief he seeks. Both the CARES Act and the CAA imposed deadlines for the issuance of stimulus checks—December 31, 2020, and January 31, 2021, respectively. *See* 26 U.S.C. §§ 6428(f)(3)(A), 6428A(f)(3)(A). Both deadlines passed well before Taylor filed this lawsuit on February 9, 2022. Compl. [1]. Taylor does not indicate when he filed the "1040 forms" requesting each check, and his correspondence from the IRS indicates that all of his inquiries were made after the relevant deadlines. Resp. [9-1], [9-2], [9-3], [9-4]. Because no more funds may be issued under the CARES Act or the CAA, Taylor has not shown an entitlement to the relief that he seeks in this case. *See, e.g., Clay v. Dep't of Treasury*, No. 21-cv-08132-PJH, 2021 WL 5494274, at *3 (N.D. Cal. Nov. 23, 2021) (dismissing with prejudice a plaintiff's belated claim that he did not receive a stimulus payment under the CARES Act); *Patterson v. IRS/Treasury Dep't*, No. 3:21-cv-1437, 2021 WL 5396060, at *3 (N.D. Ohio Nov. 18, 2021) (same).

officer or employee of the United States." 26 U.S.C. § 7422(f)(1); *see also Ross v. Bolin*, No. 1:21-cv-01753-JLT-SAB, 2022 WL 992967, at *3 (E.D. Cal. Apr. 1, 2022) (finding that the plaintiff failed to state a constitutional claim against IRS employees for their alleged interference in the disbursement of his stimulus funds). Taylor's claims are subject to dismissal.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED**. Taylor's claims against Defendant Internal Revenue Service are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies, and his claims against Defendant Linda I. Aponte are **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this 28th day of September, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE